## No. 2430
## Second Circuit

## W. S. MOORE v. A. M. WEBB

(December 10, 1925, Opinion and Decree.)

*(Syllabus by the Editor.)*

1. **Louisiana Digest—Appeal—Par. 625.**
The finding of the trial court that the defendant agreed to accept the return of a cow which had been sold to him by the plaintiff and thereby made himself liable for the return of the purchase price of the plaintiff being clearly correct is affirmed.

Appeal from Third Judicial District Court of Louisiana, Parish of Union, Hon. S. D. Pearce, Judge.

This is a suit to recover the price of a cow which had been purchased, but proved unsatisfactory and was returned to the defendant. There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Barksdale, Warren & McBride, of Ruston, attorneys for plaintiff, appellee.

H. E. Dawkins, of Ruston, attorney for defendant appellant.

ODOM, J.    Plaintiff brings this suit to recover of defendant $150.00 and interest from September 1, 1919, until paid and alleges as a cause of action that on or about April 1, 1919, he purchased a milk cow from defendant at the agreed price of $150.00 under a guarantee that it should be satisfactory to him in every respect that the cow did not prove satisfactory, and that at the suggestion of defendant he returned the cow and that although defendant agreed to refund the purchase price he has failed and now refuses to do so.

Defendant, in answer, admitted that he

sold the cow to plaintiff, but denied that he warranted her qualities and specifically denied that he agreed to take her back and refund the price; and he especially denied that there was any agreed price for the cow and set up that he sold the plaintiff four head of cattle for $280.00, the cow being one of them.

There was judgment in the district court in favor of plaintiff for $140.00 and costs, from which judgment defendant has appealed.

## OPINION.

The evidence in the case is conflicting. Plaintiff testified positively that he purchased the cow in question and two yearlings from defendant for the sum of $180.00, the agreed price of the cow being $150.00, and that for the yearlings being $30.00.

He also swears positively that the defendant warranted the cow to be gentle and that she would give at least two and a half or three gallons of milk per day. He admits that he saw the cow milked before he purchased her, and saw that she gave but little milk, but says he was informed by defendant and defendant's wife that the cow had recently lost a calf which accounted for the fact that she was not giving much milk at the time, but he was assured that she would soon improve under proper treatment and care.

He says he fed the cow well and milked her twice a day and that she failed to improve.

It seems that he saw the defendant and told him that the cow had not improved and that he agreed to try her for thirty days longer. At the end of that time he told defendant the cow was not up to the standard and he says that defendant told him to return her and he would refund the price.

Plaintiff employed a young man named Heflin to take the cow back to defendant. Heflin says that on his way with the cow he met defendant and told him that he was returning the cow for plaintiff and that defendant told him where he lived and instructed him to put the cow in his pasture and that he did so.

As stated, plaintiff swears positively that defendant told him to return the cow and he would refund the price.

The cow was returned and put in defendant's pasture within about sixty days after the sale which was in April, 1919.

The case was tried in May, 1925, the cow remaining in defendant's pasture from the day she was returned until the trial of the case, or about six years, during all of which time defendant cared for and milked her as he did his other cows. During all that time he did not offer to return the cow to plaintiff, although he says that he told plaintiff he would not agree to take her back, which is denied by plaintiff.

As stated, defendant denied that he ever agreed to take back the cow and return the price and he also denied that he told Heflin to put the cow in his pasture, but says, on the contrary, he only told Heflin where he lived and told him he would not take the cow back.

On this point we accept the testimony of Heflin, who was not interested in the outcome of the trial, and especially in view of the fact that defendant admits that he did tell Heflin where he lived and Heflin did put the cow in defendant's pasture after the interview. It does not seem probable that he would have put the cow in defendant's pasture if defendant had told him not to do so. It is certain that defendant knew the cow was being taken to his pasture and that he at least made no protest.

Plaintiff's testimony that defendant agreed to take the cow back is very strong-

ly corroborated by that of Heflin and by the fact that defendant allowed the cow to remain in his pasture and that he milked her, bred her and cared for her for six years after her return. It is further corroborated by that of Covington, who said that at the time of the sale he was present and heard defendant say that if the cow did not give satisfacton he would take her back.

There is conflict in the testimony as to whether as a matter of fact the cow was what plaintiff says she was guaranteed to be; but since we find that defendant agreed that she should be returned it is not necessary to discuss that point.

There is also conflict in the testimony as to the price of the cow. It is plaintiff's contention that he purchased one cow and two yearlings, the cow being valued at $150.00 and the yearlings at $30.00. Defendant swears that he sold plaintiff two cows and two yearlings for the lump sum of $280.00. He admits, however, that he priced one cow at $100.00, one at $150.00 and two yearlings at $30.00. Plaintiff got the $150.00 cow. It seems that the cow that was valued at $100.00 was taken by Covington who paid the $100.00 by a check which check, we gather, was delivered to the plaintiff and by him turned over to defendant.

As we hold that defendant agreed to the return of the cow in question, it is needless to discuss the various other phases of the case presented.

The district judge awarded judgment for plaintiff in the sum of $140.00 instead of $150.00, and plaintiff has not appealed nor has he moved for an amendment of the judgment.

For the reasons assigned, it is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed at defendant's costs in both courts.